UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDRE NEWTON, for himself and all other similarly situated individuals,<br>    Plaintiffs | : <br> : <br> : <br> : <br> : | CIVIL ACTION NO: |
| v. | : <br> : | |
| CHEETAH EXPRESS, INC., and NAZEER BUTT<br>    Defendant | : <br> : <br> : | OCTOBER 22, 2018 |

## COLLECTIVE AND CLASS ACTION COMPLAINT

**I. NATURE OF CASE**

1. This action is brought to recover unpaid overtime wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act Conn. Gen. Stat. §§ 31-58 *et seq.* ("CMWA") for plaintiff and all similarly situated persons (*i.e.* Drivers) who work or have worked at Cheetah Express, Inc. ("Cheetah") during the period of three years prior to the filing of this Complaint—viz., since October 5, 2015.

2. Plaintiff alleges, on behalf of himself individually and all other similarly situated current and former employees of Defendant who elect to opt into this action, that they are entitled to: (i) compensation for unpaid overtime pay and (ii) liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, the CMWA, and Connecticut Common Law.

1

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391 as Cheetah is located within the State of Connecticut.

## III. THE PARTIES

5. Plaintiff Andre Newton ("Plaintiff") is an adult individual residing in Hartford, Connecticut. Plaintiff was employed by Defendant from October 2015 until April 7, 2018. Plaintiff worked in the position of driver while employed by Defendant.

6. Defendant Cheetah Express, Inc. is a Connecticut Corporation with a principal place of business located at 20 Calloway Drive, Milford, Connecticut 06461. Cheetah is a package delivery company which employs drivers to pick up packages and deliver them throughout the state of Connecticut.

7. At all times relevant to this action, Cheetah has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

8. During the relevant period, Cheetah has had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. During the relevant period, Cheetah has had an annual gross volume of sales in excess of $500,000.

10. At all relevant times, Cheetah has been an "employer" within the meaning of Conn. Gen. Stat. Section 31-58(d).

11. Defendant Nazeer Butt ("Butt") is sued individually in his capacity as an owner, officer and/or agent of Cheetah.

12. Butt has and exercises authority to hire and fire employees, direct the manner in which employees perform their daily duties and assignments, and establishes the pay practices and work and scheduling policies at Cheetah.

13. Butt exercises sufficient control over Cheetah' operations to be considered Plaintiff's employer under the FLSA and CMWA.

14. Butt is regularly present at Cheetah overseeing employees' work and making day to day decisions for the business.

15. Hereinafter, Butt and Cheetah are collectively referred to as "Defendants."

## IV. COLLECTIVE ACTION ALLEGATIONS

16. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and all similarly situated employees (*i.e.* employees of Cheetah working in the position of Driver or other similarly titled position) who work or have worked at Cheetah between October 5, 2015 and the date of a final judgment in this matter and elect to opt-in to this action (the "FLSA Collective").

17. Upon information and belief, the FLSA Collective consists of approximately 25 or more similarly situated current and former employees of Cheetah, who, over the last three years have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them wages due under the FLSA.

18. At all relevant times, Defendants classified Drivers as non-exempt under the FLSA and the CMWA and paid them on flat rate per diem basis.

19. At various times over the past three years, Drivers customarily worked more than forty hours per week.

20. Defendants paid Drivers on a "per diem" basis of straight time, rather than paying them at the rate of time and a half for all hours worked over forty hours per week.

21. As part of its regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay Plaintiff and the FLSA Collective the proper overtime wage for all overtime hours worked.

22. Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and CMWA.

23. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Cheetah, are readily identifiable by Cheetah, and are locatable through Cheetah's records.   These similarly situated employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

## V. CLASS ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the CMWA are brought by Plaintiff under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

    > All current and former Drivers (or other similar positon) employed by Cheetah Express, Inc., between October 5, 2015 and the date of the final judgment in this matter (the "Rule 23 Class").

26. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant Cheetah; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

27. The Rule 23 Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the size of the Rule 23 Class

is at least 25 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

28. Defendants have acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

29. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. whether Defendants adequately compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

    b. whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the CMWA;

    c. whether Defendants' policy of failing to pay Drivers was instituted willfully or with reckless disregard of the law; and

    d. the nature and extent of class-wide injury and the measure of damages for those injuries.

30. The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendant Cheetah as Drivers at Cheetah Express, Inc.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights, including to be properly compensated for all hours worked.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the CMWA and

the Connecticut Common Law.  Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants common policies, practices, and patterns of conduct.

31. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.  Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representative he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement he must not favor his own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 Class members.

32. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the CMWA, the Connecticut Common Law and Conn. Gen. Stat. § 52-

564, as well as its common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

33. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COUNT ONE: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
***(Brought on behalf of Plaintiff and the FLSA Collective)***
***(as against Defendants Cheetah and Butt)***

34. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

35. Defendants are an employer subject to the provisions of *29 U.S.C. 201 et. seq.*

36. Plaintiff is or has been an employee of the Defendant Cheetah during the statutory period.

37. Plaintiff was employed by Defendants at its Milford location as a Driver. The job duties of drivers employed by Defendant Cheetah included the

receipt and delivery of packages throughout and within the state of Connecticut.

38. At all times during his employment with Defendant Cheetah, Plaintiff worked between 53 and 60 hours per week during each week of his employment with Defendant Cheetah.

39. Defendants failed to pay Plaintiff and other similarly situated Drivers overtime at the rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) per week.

40. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs and the FLSA Collective overtime wages for all of the hours they worked in excess of forty in a workweek.

41. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

42. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

43. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### COUNT TWO: FAILURE TO PAY OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE AGE
*(Brought on behalf of Plaintiff and the Rule 23 Class)*
*(as against Defendants Cheetah and Butt)*

44. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

45. Under the CMWA and supporting Connecticut State Department of Labor Regulations, Defendants were required to pay Plaintiff and the Rule 23 Class one and one half (1½) times the regular rate of pay for all hours worked in excess of forty in a workweek.

46. Defendants have failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they are entitled under the CMWA.

47. Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff and other the Rule 23 Class overtime wages.

48. Due to Defendants' willful violations of the CMWA, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**COUNT THREE: QUANTUM MERUIT/UNJUST ENRICHMENT**
*(Brought On Behalf of Plaintiff and All Others Similarly Situated)*
*(as against Defendants Cheetah and Butt)*

49. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

50. Defendants failed to pay monies owed and owing to Plaintiff and the Rule 23 Class for wages.  Defendants have been unjustly enriched by

this failure and justice requires that Defendants pay Plaintiff and the Rule 23 Class for such monies owed and owing.

51. Due to Defendants' willful violations of the Connecticut common law, Plaintiff and the Rule 23 Class are entitled to restitution.

52. Plaintiff and the Rule 23 Class made significant contributions to the establishment and growth of Defendant Cheetah.

53. Plaintiff and the Rule 23 Class conferred a valuable benefit upon the Defendants.

54. Plaintiff and the Rule 23 Class provided the services with the expectation of receiving reasonable compensation.

55. Reasonable compensation must be paid to the Plaintiff and the Rule 23 Class in order to avoid injustice and unjust enrichment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court enter a judgment:

    a.    authorizing the issuance of notice at the earliest possible time to all Drivers who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Cheetah Express, Inc.. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    b.    declaring that Defendants violated the overtime provisions of the FLSA, the Connecticut Labor Law, and supporting Connecticut Department of Labor Regulations;

    c.    declaring that Defendants' violations were willful;

    d.    certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    e.    designating Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

    f.    awarding Plaintiff, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages;

    h.    granting judgment in favor of Plaintiff, the FLSA Collective, and the Rule 23 Class for compensatory damages due to Defendants' unjust enrichment;

  j. awarding Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the CMWA;

  k. awarding Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant the FLSA and the CMWA; and

  l. such other and further relief in law or equity as the Court deems just and proper.

      PLAINTIFF, ANDRE NEWTON,
      INDIVIDUALLY, AND ON BEHALF OF ALL
      SIMILARLY SITUATED INDIVIDUALS

      By */s/ William G. Madsen*
        William G. Madsen (ct 09853)
        Madsen, Prestley & Parenteau, LLC
        402 Asylum Street
        Hartford, CT 06103
        (860) 246-2466
        wmadsen@mppjustice.com